UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| JAMES FAINTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:25-cv-00037-MTS |
| ) | |
| RANDOLPH COUNTY JUSTICE ) | |
| CENTER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff James Fainter's Affidavit in Support of Request to Proceed *in Forma Pauperis*, Doc. [2], which the Court construes as a motion to proceed *in forma pauperis* ("IFP"). Because Plaintiff has failed to submit a certified copy of his inmate account statement, the Court will deny the request without prejudice. *See* 28 U.S.C. § 1915(a)(2). Plaintiff must, no later than **Thursday, October 09, 2025**, either (1) file a new application on the Court's form accompanied by a certified copy of his inmate account statement, or (2) prepay the $405 filing fee in full.

Congress has mandated that federal courts collect a filing fee from a party instituting any civil action, suit, or proceeding. 28 U.S.C. § 1914. Courts may waive this fee for individuals who demonstrate an inability to pay. 28 U.S.C. § 1915(a)(1). When a court grants such a waiver, the plaintiff may proceed IFP.

To obtain IFP status, a non-prisoner litigant must file a motion and an affidavit demonstrating their inability to pay. If the Court determines that the litigant lacks sufficient financial resources, it will waive the filing fee entirely.

Different rules apply to prisoner litigants under the Prisoner Litigation Reform Act ("PLRA"). In addition to the standard IFP affidavit, prisoners must submit a certified copy of their inmate account statement reflecting the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2). If the Court finds that the prisoner lacks sufficient funds, it will assess an initial partial filing fee equal to 20% of either the prisoner's average monthly deposits or average monthly balance, whichever is greater. 28 U.S.C. § 1915(b)(1). After this initial payment, the prisoner must make monthly payments equal to 20% of their income until the fee is paid in full. 28 U.S.C. § 1915(b)(2). The prison will forward these payments to the Court whenever the prisoner's account balance exceeds $10. *Id.* Even if the Court grants IFP status, a prisoner litigant must pay the entire filing fee over time. *See Crawford-El v. Britton*, 523 U.S. 574, 596 (1998) (The PLRA "requires all inmates to pay filing fees[.]"); *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the Act was to require all prisoner-litigants to pay filing fees in full[.]").

Here, Plaintiff did not provide a certified copy of his account statement reflecting the six-month period immediately preceding the filing of his complaint. If Plaintiff intends to file a renewed IFP application, he must complete the Court's form in its entirety and provide the required certified account statement from the Randolph County Justice Center. Given Plaintiff's stated difficulty in obtaining a certified copy of his account statement, *see*

2

Docs. [6], [8], the Court will instruct the Clerk of Court to send three copies of this Memorandum and Order to Plaintiff so that he may provide copies to the appropriate jail officials to assist him in obtaining a copy of his account statement.  Plaintiff is reminded that his statements on the application are made under penalty of perjury.[*]

The Court separately addresses Plaintiff's letter dated August 1, 2025.  Doc. [12]. In that letter, Plaintiff notifies the Court of his address change and requests copies of records relating to his state court criminal proceedings.  Federal courts are not repositories of state court records, nor do they provide free copies of documents to litigants.  *See, e.g., Collins v. Mo. Elec. Coops. Emps. Credit Union*, No. 1:05-cv-0009-ERW, 2007 WL 710175, at *2 (E.D. Mo. Mar. 6, 2007) (noting that a plaintiff's IFP status does not itself entitle the plaintiff to free copies of court documents).  Accordingly, the Court denies Plaintiff's request for records.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed *in forma pauperis*, Doc. [2], is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that, no later than **Thursday, October 09, 2025**, Plaintiff shall either (1) prepay the filing fee in full, or (2) carefully complete and file a new application to proceed in district court without prepaying fees or costs along with a certified copy of his inmate account statement from the Randolph County Justice Center.

---

[*] *See* 28 U.S.C. § 1621 (punishing perjury with a fine and imprisonment of up to five years).

3

**IT IS FURTHER ORDERED** that Plaintiff's request for copies, Doc. [12], is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff a blank copy of the Court's Application to Proceed in District Court Without Prepaying Fees or Costs.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send Plaintiff two copies of this Memorandum and Order so that Plaintiff may provide copies to the appropriate jail officials to assist him in obtaining a certified copy of his account statement in compliance with federal law.

Failure to comply with this Memorandum and Order may result in the dismissal of this action without prejudice and without further notice.

Dated this 25th day of August 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE